IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY B. THOMAS,

                Plaintiff,

vs.                                    Case No. 21-3166-SAC

CORECIVIC FACILITY SUPPORT CENTER,
et al.,

                Defendants.

### **O R D E R**

Plaintiff, pro se, has filed this in forma pauperis action on forms for bringing a civil rights complaint pursuant to 28 U.S.C. § 1331.[1] Plaintiff alleges violations of his constitutional rights in relation to his incarceration at the CoreCivic facility (CCA) in Leavenworth, Kansas. Plaintiff appears to bring his claims pursuant to 42 U.S.C. § 1983[2] and the Bivens theory.[3] This case is before the court for the purposes of screening plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Section 1331 is a jurisdictional statute granting the court jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."

[2] Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1

I. <u>Screening standards</u>

Section 1915(e)(2) requires the court to dismiss cases brought <u>in forma pauperis</u> if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. A court liberally construes a <u>pro se</u> complaint and applies "less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Nevertheless, a <u>pro se</u> litigant must follow the same procedural rules as any other litigant. See <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992). The court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a <u>pro se</u>] plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. <u>Id.</u> The court, however, is not required to accept legal conclusions

2

alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

II. The complaint

Plaintiff alleges that his constitutional rights under the Eighth Amendment and Fourteenth Amendment were violated when he was assigned to a two-man cell (L-Pod Cell 205) with a malfunctioning toilet from February 25, 2021 through March 8, 2021. Plaintiff alleges he was required to spend $23\frac{1}{2}$ to 24 hours a day in the cell. According to the complaint, the toilet was filled with urine and feces and smelled horribly causing plaintiff to be physically sick.

Plaintiff names the following defendants: Core Civic Facility Support Center; Necho, chief of security; Lt. Barton, a supervisory officer; Lt. Spears, who allegedly escorted plaintiff to Cell 205 and denied plaintiff a move from the cell; Officer Froskett, who allegedly assigned plaintiff to Cell 205; Officer Delaney, a security chief; and Warden Samuel Rodgers, who allegedly failed to act on information.

III. Screening

The allegations in the complaint do not state a plausible claim for relief under § 1983. As the lengthy complaint recognizes

at different points, CoreCivic is a private corporation. This court has also acknowledged that fact in many cases. See, e.g., Morris v. Rogers, 2021 WL 4622596 *2 (D.Kan. 10/7/2021). The complaint does not allege whether plaintiff is a federal prisoner. This court has stated in the past, however, that the facility primarily houses persons charged with federal offenses. See Wilson v. United States Marshals Service, 2018 WL 4681638 *3 (D.Kan. 9/28/2018)(CoreCivic is a private corporation contracting with the United States Marshals Service); McKeighan v. Corrections Corp. of America, 2008 WL 3822892 *3 (D.Kan. 8/13/2008)("CCA is a private contractor employed by an agency of the United States, usually the United States Marshals Service or the Federal Bureau of Prisons, to house its federal prisoners.").

A plaintiff bringing an action under § 1983 must allege a constitutional deprivation caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). This is traditionally shown by the exercise of power possessed by virtue of state law and made possible only because the alleged wrongdoer was clothed with the authority of state law. Id. at 49 (quotation omitted). Here, plaintiff has not alleged facts showing any state involvement with plaintiff's incarceration or that a named defendant has acted under color of state law.

Plaintiff also has failed to allege facts plausibly supporting a cause of action under the Bivens theory. The United

4

States Supreme Court has found that a Bivens remedy is not available to an inmate suing employees of a private prison alleging an Eighth Amendment violation. Minneci v. Pollard, 565 U.S. 118, 120-21 (2012). The Court has also held that a Bivens action may not be brought against a private corporation operating a halfway house under a Bureau of Prisons contract. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 63, 71-73 (2001).

The Court has reasoned that state law tort remedies exist against privately-employed defendants and, therefore, it is unnecessary to imply a remedy using the approach in Bivens. Minneci, 565 U.S. at 125; see also Crosby v. Martin, 502 Fed.Appx. 733, 735 (10th Cir. 2012). This has led this court to note in many cases that a remedy against CoreCivic and its employees may exist in an action in state court for negligence or other misconduct. E.g., Flemming v. CoreCivic, 2021 WL 462833 *4 (D.Kan. 2/9/2021); Francis v. Corrections Corporation of America, 2019 WL 6052424 *3 (D.Kan. 11/15/2019); Wilson, at *4.

Plaintiff's allegations as they now stand, however, do not support a claim of a violation of the Constitution or federal law which this federal court may consider under § 1983 or § 1331.

IV. Conclusion

For the above-stated reasons it appears that plaintiff has failed to state a claim which may be heard in this court. The court grants plaintiff time until November 30, 2021 show cause why

5

this case should not be dismissed without prejudice or to file an amended complaint which corrects the deficiencies identified in the original complaint.  If plaintiff does not file a timely and sufficient response or an amended complaint stating a plausible claim which may be heard in this court, this case may be dismissed.  An amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case.  It should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 29th day of October 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge