```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS


TONY B. THOMAS,

                    Plaintiff,

vs.                                        Case No. 21-3166-SAC

CORECIVIC FACILITY SUPPORT CENTER,
et al.,

                    Defendants.
```

**O R D E R**

This is an action arising from plaintiff's incarceration at the CoreCivic detention facility in Leavenworth Kansas. Plaintiff pro se has characterized this case as a "§ 1331 Bivens civil rights complaint." Doc. No. 32, p. 1. Plaintiff has filed a motion to amend his amended complaint. Doc. No. 33. This motion shall be granted and the court shall consider Doc. No. 33-1 as the operative complaint.

In this order the court shall screen Doc. No. 33-1, consider plaintiff's response to the court's last show cause order (Doc. No. 15), and rule upon pending motions. Plaintiff is currently housed at a federal facility in Florida. Although plaintiff states that he is proceeding upon a Bivens theory,[1] he also mentions the diversity jurisdiction statute (28 U.S.C. § 1332) and several civil

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1

rights statutes in the amended complaint. The court applies the screening standards reviewed in the court's previous screening order. Doc. No. 15, pp. 2-3.

I. The amended complaint – Doc. 33-1

Plaintiff alleges that his constitutional rights under the Eighth Amendment and Fourteenth Amendment were violated when he was assigned to a cell (L-Pod Cell 205) with a malfunctioning toilet from February 25, 2021 through March 8, 2021. Plaintiff does not state in the amended complaint whether he shared the cell with other inmates. Plaintiff claims he was required to live, eat and sleep in inhumane conditions and in proximity to human waste for 12 days. This allegedly made plaintiff physically sick and caused psychological and emotional distress. Plaintiff asserts that he remained assigned to the cell in spite of his repeated complaints and grievances.

Plaintiff lists the following defendants in the amended complaint: CoreCivic Facility Support Center;[2] Damon Hinninger, CEO of CoreCivic; FNU Phillips, former warden at the facility; Samuel Rodgers, current warden; FNU Foskett, classification officer; FNU Delaney, chief of security; Lt. Spears, officer; FNU Day, L-Pod supervisor; FNU Barton, officer; and an "Unknown Captain."

---

[2] CoreCivic Facility Support Center is only mentioned in the caption of the amended complaint.

2

Plaintiff makes general allegations that "federal" officials conspired to deprive him of the equal protection of the laws and that he was discriminated against because he is a black African-American with a mental illness.

Plaintiff seeks monetary damages as relief.

## II. Affidavit and response to show cause order

Plaintiff has filed a 103-page "affidavit" (Doc. No. 31), which reads much more like a legal brief than an affidavit. Plaintiff has also filed a 194-page response to the court's previous show cause order. Doc. No. 30. It is very similar to the affidavit. Both documents are protracted, rambling and repetitive. Nevertheless, the court has considered each document's legal arguments.[3] Plaintiff is cautioned to limit his arguments in future briefs, memoranda and responses to 30 pages, unless he receives permission from the court for a longer effort. See D.Kan.R. 7.1(e). Plaintiff is also cautioned not to label legal briefs or memoranda as affidavits.

## III. Motion to clarify

Plaintiff filed a motion to clarify his amended complaint (Doc. No. 32) on the same date as plaintiff filed a pleading

---

[3] In screening the amended complaint, the court is limited to considering the facts alleged in the amended complaint, not factual allegations presented in memoranda. See Bell v. Fur Breeders Agricultural Co-op, 348 F.3d 1224, 1230 (10th Cir. 2003)(in determining whether a complaint states a claim for relief, the court should generally not look beyond the confines of the complaint itself).

docketed as a motion to "amend/correct" the amended complaint. Doc. No. 33. The point of the motion to clarify appears to be to elucidate plaintiff's contention that defendants acted or failed to act with knowledge of the alleged unconstitutional conditions described in the amended complaint. The court shall grant the motion to clarify as a supplement to plaintiff's response to the court's show cause order.

IV. Screening

A. Bivens

The court stated the following in the previous screening order. The United States Supreme Court has found that a Bivens remedy is not available to an inmate suing employees of a private prison alleging an Eighth Amendment violation.[4] Minneci v. Pollard, 565 U.S. 118, 120-21 (2012). The Court has also held that a Bivens action may not be brought against a private corporation operating a halfway house under a Bureau of Prisons contract. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 63, 71-73 (2001). The Court has reasoned that state law tort remedies exist against privately-employed defendants and, therefore, it is unnecessary to imply a remedy using the approach in Bivens. Minneci, 565 U.S. at 125; see also Crosby v. Martin, 502 Fed.Appx.

---

[4] The amended complaint refers to defendants as "federal" officials. This, however, appears to be a bare legal conclusion. The amended complaint does not allege facts which plausibly show that defendants are federal officers as opposed to private employees of CoreCivic.

4

733, 735 (10th Cir. 2012). This has led this court to note in many cases that a remedy against CoreCivic and its employees may exist in an action in state court for negligence or other misconduct. E.g., Flemming v. CoreCivic, 2021 WL 462833 *4 (D.Kan. 2/9/2021); Francis v. Corrections Corporation of America, 2019 WL 6052424 *3 (D.Kan. 11/15/2019); Wilson v. United States Marshals Service, 2018 WL 4681638 *4 (D.Kan. 9/28/2018).

The amended complaint does not allege facts which plausibly exclude this case from the general rules the court just restated. It appears that plaintiff is suing a private corporation and its employees for constitutional violations. The Bivens remedy, however, is limited to some constitutional claims against federal officers. The court concludes that the amended complaint fails to state a plausible Bivens claim.

B. Civil rights statutes

The amended complaint lists "jurisdiction" under, among other statutes, 42 U.S.C. §§ 1981, 1982, and 1985.[5] Sections 1981, 1982 and 1985, however, are not jurisdictional statutes. Although plaintiff does not refer to the statutes in the body of the

---

[5] The amended complaint also mentions 42 U.S.C. § 1983 on p. 10, but nowhere alleges facts which would suggest that any defendant acted under color of state law as required for liability under that statute. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff indicates that he has been a federal prisoner. Therefore, his incarceration at the CoreCivic facility in Leavenworth is not conduct fairly attributable to the State of Kansas.

5

complaint or description of claims, the court shall consider whether plaintiff has stated a cause of action under these laws.

The statutes mentioned provide a cause of action for racial discrimination under specific circumstances. In the amended complaint, plaintiff makes broad and conclusory claims of racial discrimination, perhaps disability discrimination, conspiracy and the denial of equal protection.[6] These allegations, however, do not lift plaintiff's claims to a plausible level by alleging specific facts. See, e.g., Requena v. Roberts, 893 F.3d 1195, 1209-10 (10th Cir. 2018); Green v. Corrections Corp. of America, 401 Fed.Appx. 371, 376 (10th Cir. 2010)(mere differences in race do not support an inference of racial animus); Crawford v. Frasier, 21 Fed.Appx. 883, 885 (10th Cir. 2001); Moore v. Riley, 1993 WL 476434 *4 (10th Cir. 1993); see also Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993)(rejecting general claims of conspiracy in jail conditions case); Palmer v. Pentair, 2019 WL 3239350 *7 (D.Kan. 7/18/2019)(rejecting conclusory allegations of discrimination in § 1981 action); Mondonedo v. Henderson, 2014 WL 5390260 *3-4 (D.Kan. 10/22/2014)(rejecting conclusory allegations in § 1985(3) action).

---

[6] The amended complaint states: "Plaintiff has been racial[ly] discriminated against by all federal officials white American Citizens because of being a Black African American citizen with a mental illness and being abuse[d] an[d] neglected through extreme deprivation of his Eighth and Fourteenth Amendment[] constitutional rights."

6

The amended complaint also makes one specific allegation that implies the racial animus of one named defendant:

> Lt. Spears escorted plaintiff on February 26-27 from the visitation preliminary probation hearing to L-Pod cell 205 and plaintiff verbal[ly] informed Lt. Spears [of] the unsanitary inhumane conditions . . . Lt. Spears stated, "you're a black man deal with it or go to the hole."

Doc. No. 33-1, p. 9.  According to the amended complaint, this alleged comment was made after plaintiff had already been assigned to cell 205 on February 25, 2021.  There is no allegation that Lt. Spears was the decision-maker who assigned plaintiff to the cell, that he was responsible for denying plaintiff's grievances concerning the cell's conditions, or that he controlled plaintiff's cell assignment after plaintiff was placed in cell 205.

While recognizing that there is a reduced level of civility in a prison, the alleged comment is disfavored by the court. Still, it is insufficient to establish a plausible claim of discrimination.  The Tenth Circuit has stated that stray racial comments should typically not be considered as evidence of discrimination unless the plaintiff can link them to the decisions at issue or the individuals making those decisions.  Heno v. Sprint/United Mgmt. Co., 208 F.3d 847, 856 (10th Cir. 2000). Numerous decisions have discounted such evidence. See, e.g., Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989)(O'Connor, J.,

concurring)(reference to "'a lady candidate' . . . by no means could support a rational factfinder's inference that the decision was made 'because of' sex"); Wagoner v. Pfizer, Inc., 391 Fed.Appx. 701, 707-08 (10th Cir. 2010)(stray, isolated or ambiguous comments are too abstract to support a finding of age discrimination); Stone v. Autoliv ASP, Inc., 210 F.3d 1132, 1136-37 (10th Cir. 2000)(collecting cases finding that such statements are not direct evidence of discrimination); Kirkpatrick v. Pfizer, Inc., 391 Fed.Appx. 712, 720 (10th Cir. 2010)("stray comments" do not support a finding of age discrimination); McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998)(manager's statement comparing fired employee's age is not sufficient to infer discriminatory intent).  Here, the one comment by Lt. Spears is directed at plaintiff, but it is not linked to the decision to assign plaintiff to cell 205 or to maintain that assignment over the course of 12 days.  Rather, the statement appears linked to Lt. Spears' responsibility to escort plaintiff to his previously assigned cell.

   Without reaching whether the other elements of the federal statutory claims are plausibly supported in the amended complaint, the court finds that the amended complaint has failed to plausibly support a claim that racial animus motivated the assignment to cell 205 and the decision to maintain that assignment despite plaintiff's grievances.

C. State law claims

Plaintiff does not allege a state law cause of action. Rather, plaintiff characterizes the amended complaint, as already mentioned, as a "§ 1331 Bivens civil rights complaint." The amended complaint, however, does list 28 U.S.C. § 1332 as a jurisdictional basis. Section 1332, of course, grants federal district courts the jurisdiction to decide state law claims when there is diversity of citizenship between plaintiff and all the defendants named in the amended complaint. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).

"Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction." Penteco Corp. Ltd. Partnership v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014). "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state . . . And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." Id. (citations omitted).

"To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, . . . courts must look to the face of the complaint, . . . ignoring mere

9

conclusory allegations of jurisdiction. . . . The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." Penteco Corp. Ltd. Partnership, 929 F.2d at 1521 (citations and interior quotations omitted).

The court finds that plaintiff has not stated a plausible claim for relief under state law that may be heard in this court because the amended complaint does not mention a state law cause of action and does not allege facts which demonstrate diversity of citizenship under § 1332.  See Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006)(discussing rules determining the domicile of prisoners for purposes of jurisdiction).

D. Hinninger

The amended complaint names Damon Hinninger as a defendant and asserts that he is the CEO of CoreCivic and a Tennesee resident.  It does not, however, describe how Hinninger's actions or failures to act caused plaintiff to be injured.  The amended complaint fails to state a cause of action against Hinninger as an individual.

V. Other motions

Plaintiff has filed a motion to produce documents (Doc. No. 27) and a motion for settlement conferences (Doc. No. 28).  As the court has not ordered the issuance of summons and service has not

been made or waived in this case, the court shall deny each motion without prejudice on the basis that the motions are premature.

VI. Conclusion

In conclusion, plaintiff's motion to produce documents (Doc. No. 27) and motion for settlement conferences (Doc. No. 28) are denied without prejudice to renewal at a later time. Plaintiff's motions to clarify and to amend (Doc. Nos. 32 and 33) are granted consistent with this order. Doc. No. 33-1 is considered the operative complaint in this case. Plaintiff is limited to filing briefs or memoranda with argument sections no greater than 30 pages unless he receives leave of the court to file a longer pleading. Plaintiff is granted time until May 25, 2022 to show cause why the amended complaint should not be dismissed or to file a second amended complaint which corrects the deficiencies identified in the amended complaint. If plaintiff does not file a timely and sufficient response or a second amended complaint stating a plausible claim which may be heard in this court, this case may be dismissed. A second amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case. It should not refer back to a previous complaint.

**IT IS SO ORDERED.**

Dated this 26th day of April 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge