IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY B. THOMAS,

                Plaintiff,

vs.                                        Case No. 21-3166-SAC

CORECIVIC FACILITY SUPPORT CENTER,
et al.,

                Defendants.

**O R D E R**

On April 26, 2022, the court issued a show cause order in the above-captioned case. Doc. No. 34. Plaintiff was directed to show cause why this case should not be dismissed or file an amended complaint. This case is now before the court for consideration of plaintiff's response to the show cause order.[1] Doc. No. 36.

Plaintiff's claims arise from his incarceration as a federal inmate in a privately-operated detention facility. Plaintiff alleges that he was forced to live in a cell with a non-functioning toilet for 12 consecutive days with very little time allowed outside the cell. Plaintiff claims this made him physically ill.

---

[1] The response is titled "Motion to Show Cause." The response is 43 pages and, therefore, violates the court's direction that plaintiff limit his response to 30 pages unless he receives permission from the court for a longer pleading. Doc. No. 34, p. 11. Despite this, the court will consider the response and again direct that plaintiff limit his pleadings to 30 pages unless he requests and receives court permission to file a longer document.

1

The operative complaint indicates that plaintiff is suing a private prison company and its employees.

I. The show cause order

In the court's show cause order, the court reviewed plaintiff's amended complaint at Doc. No. 33-1 (and Doc. No. 35). The court made the following points as to any federal law claims alleged in the amended complaint which the court might have jurisdiction to hear under 28 U.S.C. § 1331:

> 1) plaintiff may not bring a Bivens action alleging a violation of his constitutional rights against the private prison company or its employees – see Minneci v. Pollard, 565 U.S. 118, 120-21 (2012);
>
> 2) plaintiff had not stated a claim for relief under 42 U.S.C. §§ 1981, 1982 and 1985 because he had not alleged facts which would plausibly suggest that any defendant was motivated by racial animus; and
>
> 3) plaintiff had not stated a claim for relief under 42 U.S.C. § 1983 because he had not alleged facts showing action under color of state law.

The show cause order made the following points regarding any state law claim alleged in the amended complaint:

> 1) plaintiff had not alleged facts supporting this court's diversity jurisdiction under 28 U.S.C. § 1332 over any state law claims;
>
> 2) plaintiff had not alleged a state law cause of action.

Finally, the court held that the amended complaint failed to state a cause of action against defendant Hinninger, the CEO of

2

CoreCivic, the private company operating the detention facility described in the amended complaint.

II. Plaintiff's response to the show cause order

Plaintiff's response to the show cause order does not demonstrate that the amended complaint states a federal cause of action. Plaintiff argues that his Bivens claims should survive. Plaintiff, however, does not distinguish this case from Minneci and the other cases cited in the show cause order. The response to the show cause order does not discuss 42 U.S.C. §§ 1981, 1982 and 1985. Nor does it demonstrate good cause to sustain a claim under 42 U.S.C. § 1983. As the court stated in the show cause order, no facts are alleged in the amended complaint which demonstrate state action.

As for a state law cause of action, plaintiff's response to the show cause order does not demonstrate good cause for finding that the court has diversity jurisdiction to consider a state law claim.[2] No facts are stated in the amended complaint (or the response to the show cause order) which support a finding of diversity jurisdiction.

---

[2] If the amended complaint stated a federal cause of action, the court could consider a state law claim under the provisions for supplemental jurisdiction. See 28 U.S.C. § 1367. The court, however, should decline to exercise supplemental jurisdiction over a state law claim when all federal claims have been dismissed. Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011).

Plaintiff alleges state law claims such as breach of contract and negligence in the response to the show cause order.[3] These claims, however, are not stated in the amended complaint which defines plaintiff's claims against defendants in this matter. See Bell v. Fur Breeders Agricultural Co-op., 348 F.3d 1224, 1230 (10th Cir. 2003).

III. Conclusion

As set forth above, the amended complaint does not allege a plausible federal law claim, a state law claim, or facts supporting diversity jurisdiction by this court over a state law claim. The court shall grant plaintiff time until June 28, 2022 to show cause why this case should not be dismissed or to file a second amended complaint which corrects the deficiencies the court has discussed in this order and the previous show cause orders in this case. A failure to respond to this order may lead to the dismissal of this action. Plaintiff should follow the page limitations previously discussed.

If plaintiff chooses to file a second amended complaint, it must be submitted upon court-approved forms. To add claims or significant factual allegations, or to change defendants, plaintiff must submit a complete second amended complaint. See

---

[3] Plaintiff mentions the Kansas Tort Claims Act, K.S.A. 75-6103 in the response to the show cause order. The KTCA, however, provides for liability of Kansas governmental entities for damages caused by negligent employees. The amended complaint does not allege damages caused by a negligent state employee for which a state government entity should be liable.

4

Fed.R.Civ.P. 15.  Facts supporting diversity jurisdiction or some other jurisdictional grounds must be stated.  An amended complaint is not an addendum or supplement to a prior complaint, but completely supersedes it.  Therefore, any claims or allegations not presented in the second amended complaint are no longer before the court.  Plaintiff must name every defendant in the caption of the second amended complaint.  See Fed.R.Civ.P. 10(a).  He must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant.

**IT IS SO ORDERED.**

Dated this 31st day of May 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge