IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY B. THOMAS,

              Plaintiff,

vs.                                    Case No. 21-3166-SAC

CORECIVIC FACILITY SUPPORT CENTER,
et al.,

              Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's second amended complaint. Doc. No. 42. Plaintiff proceeds pro se. The court applies the screening standards which have been reviewed previously in this case. Doc. No. 15, pp. 2-3.

I. Second amended complaint

The second amended complaint alleges that plaintiff was housed in a CoreCivic facility – the Leavenworth Detention Center – in Leavenworth, Kansas. It is alleged that the facility was operated by CoreCivic under a contract with the U.S. Marshals Service. During approximately 12 days in late February and early March 2021, plaintiff was assigned to a cell with a malfunctioning toilet. Plaintiff alleges there was a horrible odor; that the toilet was filled with human waste; and that it overflowed and spilled onto plaintiff when flushed. Plaintiff claims that he

became physically sick, vomited and suffered numerous physical ailments because of the cell assignment.  He also claims that he suffered mental anguish, manic depression, PTSD and other mental problems.

In Count 1 of the second amended complaint, plaintiff alleges a violation of his Eighth Amendment rights.  Count 2 asserts a violation of plaintiff's equal protection rights under the Fourteenth Amendment.  Count 3 alleges a breach of contract.  Count 4 alleges negligence.

The second amended complaint lists the following defendants: CoreCivic Facility Support Center; Damon Hinninger, CEO of CoreCivic; Chief of Security Necho; Chief of Security Delaney; classification officer Foskett; Lt. Barton; L-pod supervisor Day; an unnamed captain on the day shift; Warden Phillips; and Warden Samuel Rodgers.

Jurisdiction is listed under 28 U.S.C. § 1331, Article III of the Constitution, and 28 U.S.C. § 1343.[1]  Plaintiff seeks monetary damages as relief.

---

[1] In this order, the court shall mainly consider whether subject matter jurisdiction is supported under 28 U.S.C. § 1331 (federal question) or § 1332 (diversity).  A mere reference to the Constitution is insufficient to establish subject matter jurisdiction.  Parker v. WI Waterstone, LLC, 790 Fed.Appx. 926, 930 (10th Cir. 2019).  Jurisdiction under § 1343 is not shown here because plaintiff does not allege facts plausibly supporting a claim described in that statute.  While the second amended complaint makes references to 42 U.S.C. § 1983, there is no plausible indication that any defendant was acting under color of state law.  Therefore, no cause of action under § 1983 is stated.

2

II. Screening

  A. Constitutional claims

The court has previously stated in this case (Doc. No. 15, pp. 4-5 and Doc. No. 34, pp. 4-5) that plaintiff may not bring a Bivens action based upon allegations that constitutional violations have been committed by a private corporation or its employees operating a prison facility under a federal contract.[2] See Minneci v. Pollard, 565 U.S. 118, 126 (2012); Correctional Services Corp. v. Malesko, 534 U.S. 61, 63 (2001). The court acknowledges that the second amended complaint refers to individual defendants as "federal officers," but the complaint does not allege facts which plausibly show that defendants are federal employees as opposed to CoreCivic employees. Therefore, the second amended complaint does not state a plausible cause of action against defendants for an Eighth Amendment or a Fourteenth Amendment violation.

In addition, plaintiff does not allege facts which plausibly indicate that plaintiff was placed in the cell at issue to purposefully discriminate against plaintiff. This provides further grounds to find that the second amended complaint fails to state a claim for a Fourteenth Amendment violation. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987).

---

[2] In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.

Finally, as the court has previously stated in this case (Doc. No. 34, p. 10), to allege a constitutional claim against an individual defendant there must be plausible allegations of that defendant's personal involvement in the alleged constitutional violation. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 768 (10th Cir. 2013). The second amended complaint does not plausibly describe how defendant Hinninger's actions or failures to act caused plaintiff to be injured. It merely asserts that he is responsible for the promulgation, implementation and operation of company policy 18-2 without describing the policy or linking Hinninger's specific actions in relation to the policy to plaintiff's alleged injuries. Therefore, the amended complaint fails to state a cause of action for a constitutional violation against Hinninger as an individual.

B. Breach of contract

The second amended complaint does not allege grounds to support diversity jurisdiction.[3] Nor does it assert jurisdiction under the diversity statute, 28 U.S.C. § 1332. Therefore, it does not appear that the court has jurisdiction over a state law breach of contract claim.

It is possible that a breach of contract claim could be raised under federal law if plaintiff is alleging a violation of a federal

---

[3] In two previous orders, the court noted that diversity jurisdiction was not supported by plaintiff's allegations. Doc. No.34, p.9; Doc. No. 37, p. 5.

4

government contract. See U.S. ex rel. Cortez III Service Corp. v. PMR Const. Services, Inc., 117 Fed.Appx. 661, 664 n.4 (10th Cir. 2004)(federal law controls the construction of federal government contracts); S.B. v. Wilson, 2021 WL 4494195 *4 (S.D.W.Va. 9/30/2021)(citing cases from the Eighth and Ninth Circuits). In such circumstances, jurisdiction is available under 28 U.S.C. § 1331.

The second amended complaint, however, does not allege a plausible breach of contract claim. The complaint makes broad and repeated assertions regarding company policy 18-2, sometimes in the context of breach of contract, sometimes suggesting that the policy was a moving force for the constitutional violations claimed in the complaint. For example, the complaint states the following:

> Federal officers Foskett and Lt. Barton acting outside their employment while acting under color of state law and federal authority in their individual capacity breach of contract pursuant with K.S.A. 60-511 the existence of a contract CoreCivic company policy 18-2, the federal officers unwillingness to perform in compliance with CoreCivic company policy negligent, intentional, deliberate and forcing plaintiff to be assign to L-Pod cell 205 [with] no[] access to a workable toilet exposing plaintiff to other inmates and plaintiff own accumulated human waste . . . .[4]
>
> . . . .
>
> The evidence here was sufficient to show that the CoreCivic policy 18-2 [was] linked to the deprivation of plaintiff's Eighth and Fourteenth Amendment[] rights and that the policy reflected the CoreCivic deliberate indifference. . . . The CoreCivic company policy 18-2

---

[4] K.S.A. 60-511 is a Kansas statute of limitations provision for breach of contract claims.

> was the "moving force" behind the constitutional violations because federal officers Foskett and Lt. Barton failed to comply with the CoreCivic company [policy] 18-2 by not assigning plaintiff to a[n] appropriate, secure, and safe house in L-Pod cell 205. Federal officer chief of security Necho and Delaney failed to perform their duty when plaintiff notified them on 2-25-21, 3-4-21 and 3-5-21 [of] being house[d] in L-Pod cell 205 non[-]workable toilet and they failed to alleviate or abate the unsanitary inhumane conditions of confinement.

Doc. No. 42, p. 7 and p. 15.  Plaintiff's allegations do not set forth the language of policy 18-2, they do not describe the policy, and they do not demonstrate that the policy is part of a contract with the federal government.  They also do not plausibly indicate that plaintiff was intended to be a third-party beneficiary of a contract between CoreCivic and the government.

Other courts have stated that a plaintiff has an exceptional burden to prove a recovery as a third-party beneficiary to a contract between a private prison company and the federal government.  See Hand v. Management and Training Corporation, 2022 WL 432862 *7 (E.D.Cal. 2/11/2022)(finding a failure to state a breach of contract claim); Wilson, 2021 WL 4494195 at *6 (recognizing difficulty in proving third-party beneficiary status but denying motion to dismiss without prejudice); Mathis v. GEO Group, Inc., 2009 WL 10736631 *18-21 (E.D.N.C. 11/9/2009)(citing multiple cases declining to confer third-party beneficiary status on inmates housed in private contract facilities).

6

Upon review of the second amended complaint and the above-cited case law, the court finds that, even liberally construed, the second amended complaint has failed to state a plausible breach of contract claim.

C. Negligence

Plaintiff does not allege a federal statute which would provide a cause of action for negligence under the facts asserted in the second amended complaint.  Negligence can be a basis for a state law claim.  Plaintiff, however, does not allege facts which would support the court's subject matter jurisdiction over a state law negligence claim.  As previously stated, plaintiff has not alleged grounds to support diversity jurisdiction.[5]  Nor is supplemental jurisdiction proper under these circumstances.[6]

III. Conclusion

For the above-stated reasons, the court finds that the second amended complaint fails to state a claim for relief over which this court has subject matter jurisdiction.  Therefore, the court directs that this case be dismissed without prejudice.

---

[5] Even pro se plaintiffs bear the burden of demonstrating the requirements for diversity jurisdiction.  Parker, 690 Fed.Appx. at 929.

[6] If the second amended complaint stated a federal cause of action, the court could consider a state law claim under the provisions for supplemental jurisdiction.  See 28 U.S.C. § 1367.  The court, however, should decline to exercise supplemental jurisdiction over a state law claim when all federal claims have been dismissed.  Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011).

7

**IT IS SO ORDERED.**

Dated this 5th day of August 2022, at Topeka, Kansas.

                              <u>s/Sam A. Crow</u>_____
                              U.S. District Senior Judge